IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAMILE Q. MITCHELL, | ) |
| Plaintiff, | ) ) ) |
| v. | )   Case No. 1:21-CV-131 |
| EARL JONES, et al, | ) ) ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

**Procedural History**

This action was received by the Clerk of Court on May 5, 2021. The matter was referred to United States Magistrate Judge Richard A. Lanzillo, for report and recommendation in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

In his pro se complaint[1], Plaintiff claims that his Eighth Amendment rights to adequate medical care were violated during his incarceration at the State Correctional Institution at Albion. Plaintiff has identified five Defendants by name and has named five John/Jane Doe Defendants. The five named Defendants are: Earl Jones, Bryan Flinchbaugh, Campbell, Dr. Geri Smock, and Michael Clark. Jones, Flinchbaugh, and Clark are Superintendents at the institution, while Dr. Smock is the Health Care Administrator and Campbell is a Captain.

Plaintiff alleges that he was suffering from a mental health issue in February of 2020 and due to lack of treatment and care, he attempted suicide by ramming his head into a brick wall. He

---

[1] The operative complaint in this matter is the original complaint docketed at ECF No. 6.

1

alleges that the lack of treatment both before and after the suicide attempt violated his Eighth Amendment rights.

The John and Jane Does have not been identified and have not been served. The five named Defendants moved for dismissal on the basis of, inter alia, failure to allege the personal involvement of the named Defendants. ECF No. 20.

On March 9, 2022, Magistrate Judge Lanzillo issued a Report and Recommendation recommending that the pending motion be granted in part and denied in part: "Specifically, the motion should be granted as to Mitchell's claim for damages against all Defendants pursuant to 42 U.S.C. § 1983 but denied as to his claim for injunctive relief." ECF No. 36. Judge Lanzillo further recommended that Plaintiff be granted leave to amend his complaint as to his claims for damages against all Defendants. *Id*. Following an extension of time, Plaintiff filed Objections to the Report and Recommendation. ECF No. 41.

**Plaintiff's Objections**

"If a party objects timely to a magistrate judge's report and recommendation, the district court must 'make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" *EEOC v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) *quoting* 28 U.S.C. § 636(b)(1). Regardless of whether timely objections are made, district courts may accept, reject, or modify—in whole or in part— the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Local Rule 72(D)(2). Plaintiff challenges the Report and Recommendation in multiple ways, not all of which need to be addressed herein.

Plaintiff disagrees with Judge Lanzillo's conclusion that the allegations of his complaint are insufficient to state the personal involvement of Clark, Jones, Flinchbaugh, and Smock. Plaintiff takes much care in highlighting his original allegations and providing additional factual details as to his claims against each of these named Defendants. Similarly, Plaintiff disagrees with the conclusion that he failed to adequately state a failure to train claim and failed to state a claim against Campbell and provides further factual details in this regard.

In his original complaint, Plaintiff alleges that his attempted suicide in February 2020 was "100% preventable by all Defendants… The Defendants were deliberately indifferent to Plaintiff medical and mental health needs which ultimately resulted in Plaintiff sustaining lasting head/brain trauma, as well as further deteriorating his fragile mental health." ECF No. 6, ¶ 15. Throughout his lengthy complaint, Plaintiff refers to Defendants collectively.[2] Even where Plaintiff identifies an individual Defendant by name, his factual allegations tend to be general in nature. As pointed out in the Report and Recommendation, in order to state a viable claim under the law, Plaintiff must allege the personal involvement of **each** Defendant. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

While Plaintiff provides some additional factual details about each Defendants' participation or acquiescence in the alleged constitutional violation in his Objection brief, these details (which were not pled in the complaint) will not be reviewed for their sufficiency.[3] This Court must limit its analysis of the Report and Recommendation and motion to dismiss to the

---

[2] *See, for example, id.* at ¶ 24 ("All of the Defendants were personally involved in this incident as they all reasonably knew – or should have known – that failure to provide Plaintiff with adequate medical and mental health care, by way of evaluation and treatment by a Certified Psychologist in person when he repeatedly requested to speak to one, would and/or could pose a reasonable risk to his safety and well-being, as well as those inmates similarly situated.").

[3] This Court expresses no opinion as to whether the factual details provided in the Objection brief would be sufficient to state a claim if pled in the amended complaint.

allegations set forth in the original complaint. Any other review is procedurally inappropriate. *Nesgoda v. Lewistown Valley Enterprises*, 2018 WL 6313617, at *2 (M.D. Pa. 2018) ("[A] court is generally limited to the allegations set forth in the pleadings…"). Such additional factual details as to the knowledge and involvement of each individual Defendant must be **pled** in an amended complaint. *See, for example, Tice v. Winslow Tp. Police,* 2014 WL 3446611, at *2 (D.N.J. 2014) ("A plaintiff, even one proceeding pro se, cannot amend his pleading through a brief in opposition to dismissal."); *Thakar v. Tan,* 372 F. App'x 325, 328 (3d Cir.2010) ("[A] litigant is not absolved from complying with … the federal pleading requirements merely because s/he proceeds pro se."). Judge Lanzillo has recommended that Plaintiff be allowed to amend his complaint and this Court will adopt that recommendation.

Throughout the Objections, Plaintiff provides further factual details that were not alleged in the original complaint. This expansion of details includes information pertaining to Campbell's involvement before the attempted suicide and pertaining to the particulars of the failure-to-train claim. Again, this Court's present analysis is limited to the motion to dismiss and the original complaint and the factual details provided in the Objections cannot be used to supplement the complaint at this procedural juncture. Plaintiff can make his additional factual allegations in his amended complaint.

After *de novo* review of the original complaint and documents in the case, together with the report and recommendation and objections thereto, the following order is entered:

AND NOW, this 7th day of June 2022;

IT IS ORDERED that the motion to dismiss [ECF No. 20] is granted in part and denied in part. The motion should be granted as to Mitchell's claim for damages against all Defendants pursuant to 42 U.S.C. § 1983 but denied as to his claim for injunctive relief.

IT IS FURTHER ORDERED that the report and recommendation of Magistrate Judge Lanzillo, issued on March 9, 2022 [ECF No. 36] is adopted as the opinion of the court.

IT IS FURTHER ORDERED that Plaintiff may file an amended complaint before June 25, 2022. In the amended complaint, Plaintiff must provide a description of how each defendant violated his rights. Plaintiff must provide specific factual details of precisely how his civil rights were allegedly violated. He should explain to the Court what happened by specifically describing **each** defendant's behavior or action and how that behavior or action – or lack of action – resulted in the alleged violations. Plaintiff need not include legal argument or citations to case law in his amended complaint. However, Plaintiff should be specific about the particulars of the event and how the alleged misconduct resulted in a violation or denial of the civil right at issue.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States District Judge