IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAMILE Q. MITCHELL, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:21-CV-131 |
| EARL JONES, et al, | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

**Procedural History**

This action was received by the Clerk of Court on May 5, 2021. The matter was referred to Chief United States Magistrate Judge Richard A. Lanzillo, for report and recommendation in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

In his pro se amended complaint[1], Plaintiff claims that his Eighth Amendment rights to adequate medical care were violated during his incarceration at the State Correctional Institution at Albion. Plaintiff identified five Defendants by name and named and described five John/Jane Doe Defendants[2]. The five named Defendants are: Earl Jones, Bryan Flinchbaugh, Campbell, Dr. Geri Smock, and Michael Clark. Jones, Flinchbaugh, and Clark are Superintendents at the institution, while Campbell is a Captain and Dr. Smock is the Health Care Administrator.

---

[1] ECF No. 49.

[2] John Doe #1 is described as the Shift Commander on 2/5-6/2020; John Doe #2 is the Responding Correctional Officer on 2/5-6/2020; John Doe #3 is the Responding Officer on 2/5-6/2020; Jane Doe #1 is the Initial Responding Medical Director on 2/5-6/2020; and Jane Doe #2 is the Initial Responding Psychologist on 2/5-6/2020.

Plaintiff alleges that he was suffering from a mental health issue in February of 2020 and due to lack of treatment and care, he attempted suicide by ramming his head into a brick wall. He alleges that the lack of treatment both before and after the suicide attempt violated his Eighth Amendment rights.

The named Defendants moved for summary judgment. ECF No. 63. Defendant Campbell moved for summary judgment on Plaintiff's claim for injunctive relief but did not so move on Plaintiff's claim for monetary damages. Although this case was filed well over two years ago, five John/Jane Doe Defendants remain unnamed and unserved.

On November 22, 2023, Chief Magistrate Judge Lanzillo issued a Report and Recommendation recommending that the pending motion for summary judgment be granted, trial be scheduled against Defendant Campbell, and the John/Jane Does be dismissed without prejudice due to Plaintiff's failure to serve them in accordance with the Federal Rules of Civil Procedure. ECF No. 77.

Following an extension of time, Plaintiff filed Objections to the Report and Recommendation. ECF No. 80.

**Plaintiff's Objections**

"If a party objects timely to a magistrate judge's report and recommendation, the district court must 'make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" *EEOC v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) *quoting* 28 U.S.C. § 636(b)(1). Regardless of whether timely objections are made, district courts may accept, reject, or modify—in whole or in part— the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Local Rule 72(D)(2).

Plaintiff challenges the Report and Recommendation in multiple ways, not all of which need to be addressed herein.

Plaintiff disagrees with Chief Magistrate Judge Lanzillo's conclusion that his request for prospective injunctive relief is barred by the Prison Litigation Reform Act due to his failure to administratively exhaust his request for legal relief. Plaintiff argues that his failure to exhaust should be excused because prison staff did not strictly comply with prison policies regarding the grievance process. Plaintiff is mistaken in this regard. Although courts may excuse the failure to exhaust when they find a grievance process is unavailable to an inmate, Plaintiff makes no argument here that he was not able to file a grievance about this incident. And the record reflects that Plaintiff did grieve the events of the complaint, he just did not request any injunctive relief. Plaintiff's ability to fully exhaust his grievance demonstrates that the administrative process was fully available to him.

Next, Plaintiff objects to Judge Lanzillo's finding that judgment should be granted in favor of the "Supervisory Defendants" (Clark, Jones, Flinchbaugh, and Smock) due to Plaintiff's failure to adduce any evidence of their personal involvement in the alleged constitutional violation. Judge Lanzillo concluded that Plaintiff's failure to point to "any evidence in the record from which a reasonable finder of fact might infer that [any of the Supervisory Defendants] was personally involved in the alleged violations of his rights, either through their direct participation or their failure to provide adequate staffing." ECF No. 77, page 15. Plaintiff takes issue with this conclusion and cites eighteen lawsuits in which prison staff at SCI Albion have been sued for inadequate medical or mental health care.[3] Plaintiff's argument in this regard is inapposite. The

---

[3] Some of these cases date back to 2012 and two of the eighteen cases remain pending. While one of these cases was withdrawn, seven were dismissed and judgment was granted in favor of defendants in seven cases.

3

fact that SCI Albion staff have been sued multiple times is not proof that the Defendants named in this action were personally involved in any alleged violation of Plaintiff's constitutional rights.

Plaintiff remarks that he has shown good cause for his failure to identify and serve the Doe Defendants in accordance with Rule 4(m) and requests that the Does not be dismissed. He explains that it has been difficult to ascertain the identity of the Does because of his own mental state at the time of the incident. He notes that the U.S. Marshal Service served the Doe Defendants with the original complaint at the same time it served the named Defendants. Plaintiff complains that he has requested information regarding the identity of the Doe Defendants through the discovery process but that those materials have not been provided to him.[4] Given that Plaintiff is a pro se litigant who is perhaps unfamiliar with the appropriate procedural vehicle to contest unanswered discovery requests, he should be given the opportunity to file a motion to compel any unanswered discovery which was properly and timely served before the close of the discovery period on December 7, 2022.

After *de novo* review of the amended complaint, the motion for summary judgment and opposition thereto, and other documents in the case, together with the report and recommendation and objections thereto, the following order is entered:

AND NOW, this 18th day of January 2024;

IT IS ORDERED that the motion for summary judgment [ECF No. 63] is granted.

---

[4] A review of the docket reveals that Plaintiff has made several mentions of unanswered discovery requests [*see, for example*, ECF No. 52 (Response to Defendants' Answer to Amended Complaint); ECF No. 53 (Request for Appointment of Counsel); ECF No. 56 (Plaintiff's Pretrial Narrative Statement)], while at the same time revealing that Plaintiff has not filed a motion to compel discovery.

4

IT IS FURTHER ORDERED that the report and recommendation of Chief Magistrate Judge Lanzillo, issued on November 22, 2023 [ECF No. 77] is adopted as the opinion of the court as to its recommendation regarding the motion for summary judgment and its recommendation that trial against Campbell be set.

IT IS FURTHER ORDERED that the report and recommendation [ECF No. 77] be rejected as to its recommendation that the Doe Defendants be dismissed at this time.

IT IS FURTHER ORDERED that Plaintiff may file a motion to compel in relation to any timely discovery requests. *See* ECF No. 51 (Case Management Order). This motion must be filed by February 16, 2024. In the event the motion to compel is not filed or is denied by Judge Lanzillo, this Court will dismiss the unserved Doe Defendants in accordance with Rule 4(m).

Trial will be scheduled against Defendant Campbell at a later date.

SUSAN PARADISE BAXTER
United States District Judge